DJS:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 00-0635-Cr-ZLOCH |
| | ) | Magistrate Judge |
| v. | ) | |
| | ) | |
| RAYMOND McDERMOTT | ) | |
| and | | |
| MARTHA TREMINIO-DIAZ, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | **GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER** |

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements made by the defendants, except those attached to this response and incorporated herein by response.

           2.    The following is the substance of an oral statement made by the defendant Martha Treminio-Diaz after arrest after being advised of her rights by a person then known to the defendant to be a government agent, and which the government may use at trial:"I guess this is about the diplomatic in El Salvador........................................ when he said he could get us in trouble,I guess he was right...............well, he spat in my husband's face............every story has two sides." [These statements were made over time and after arrest but not necessarily in the exact order stated.]

                Defendant Raymond McDermott, at the time of his arrest, without being interrogated, but in the



        presence of Federal law enforcement officers, stated in substance, "Oh, this must be what happened on vacation".

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendants, if any exists, will be made available upon receipt by this office. The local criminal record of Martha Treminio-Diaz is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant, may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL. 33394. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for Friday, March 3, 2000 at 10:00 a.m.. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case, except as attached to this response.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

2

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    One or more of the defendants may have been identified in a lineup, show up, photo spread or similar identification proceedings. As of this date, this office has not received said items from El Salvadoran authorities; however, they have been requested and will be furnished upon receipt.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents or others which may be provided at a later date.

I.    N/A

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.   No contraband is involved in this indictment.

L.   The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.   The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant(s).

N.   N/A

O.   N/A

P.   N/A

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time:   At approximately 11:50 a.m.
Date:   December 30, 1999
Place:  Boulevard del Hipodromo, Basilea Mall, Zona Rosa, Colonia San Benito, San Salvador, El Salvador.

The attachments to this response are numbered pages 1 - 128. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: *[signature]*
DEBRA J. STUART
Assistant United States Attorney
Court No. 5500061
500 E. Broward Blvd., 7th Flr
Ft. Lauderdale, Fl 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand delivered 23rd day of February, 2000 to: Edward Shohat, Esquire, 800 Brickell Ave., Penthouse 2, Miami, Florida 33131; Wilbur Chaney, Esquire, 475 N.E. 1st Avenue, Delray Beach, Fl 33483 and Sam Smargon, AFPD, 101 N.E. 3rd Avenue, Ft. Lauderdale, Fl 33301.

*[signature]*
DEBRA J. STUART
Assistant United States Attorney